# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

MARK DOWNEY,

   Plaintiff,

v.

US OF AMERICA, et al.

   Defendant.

Civil Action No.: PX-19-1872
(SEALED)

## MEMORANDUM OPINION

Plaintiff, Mark Downey, filed the above-captioned Complaint on June 25, 2019, together with a Motion for Leave to Proceed in Forma Pauperis, to Quash Sovereign Immunity, to Accommodate the Disabled, to Seal, and to Refer Criminal Case to the United States Attorney. ECF Nos. 2, 3. Because Downey appears indigent, his Motion to Proceed in Forma Pauperis is granted. ECF No. 2 at pp. 4-6. Below, the Court addresses the remaining motions and the legal sufficiency of the Complaint.

Downey has filed a 93-page Complaint that, as best the Court can discern, is a *qui tam* action brought pursuant to the False Claims Act, alongside a whistleblower claim brought under the Dodd-Frank Act. ECF No. 1 at p. 4, ECF No. 1-1 at pp. 1-2. Mr. Downey asserts that he is a "disabled[1] whistle-blower," and alleges that "the entire Federal Government has orchestrated a war to decimate all of his efforts to balance the Federal Budget." ECF No. 1-1 at p. 2. Downey further asserts:

> The Federal Balanced Budget effort was an when reactivated is attainable and realistic. The IRS *annulated* his massive, unselfish, generous, extraordinary

---

[1]    Downey repeatedly refers to himself as disabled and references the Americans with Disabilities Act, but Downey does not explain how his disability is relevant to his claims.

>accomplishments which would have resulted in a *Worldwide Economic Explosion*.
>
>Due to the unauthorized and illegal destruction and deletion of 543,455 IRS Whistleblower accepted submissions the only recourse was to file Legal Claims with each Individual General Counsel Department/ Agency . . . .

*Id*. (emphasis in original).

Downey invokes this Court's federal question jurisdiction and claims that the deletion of his whistleblower reports to the IRS violates his Eighth Amendment right to be free from cruel and unusual punishment because he has been subjected to "severe stress which resulted in severe, life-long ramifications." *Id*. at p. 3. As relief, Downey seeks money damages as well as referral of the matter for criminal prosecution. Downey also asks that this Court seal the case to prevent the Federal Government from retaliating against him. ECF No. 3.

Because Downey is declared indigent pursuant to 28 U.S.C. § 1915(a)(1), that same statute requires dismissal of any claim that is frivolous or otherwise does not state a legally cognizable cause of action. See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful of its obligation to construe liberally self-represented pleadings. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007). The Court takes the facts alleged in the Complaint as true and most favorably to the plaintiff. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberally construing the Complaint does not mean that this Court must ignore a clear failure to state a legally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented.").

The Complaint in this case, despite its length, suffers from several fatal flaws. First, the Complaint fails to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires that a complaint include "a short and plain statement of the claim showing that the pleader

is entitled to relief." Rule 8(e)(1) additionally requires that complaint allegations be "simple, concise, and direct." These essential requirements of any complaint ensure that the Court and Defendants are given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swirkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Where, as here, a complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," the complaint is properly dismissed. *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). When assessing whether a complaint satisfies Rule 8, courts look to its length and complexity, *see, e.g., United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003); whether the claims are set forth with sufficient clarity to allow the formation of a defense, *see Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000); and whether the plaintiff is represented by counsel. *See, e.g., Elliott v. Bronson*, 872 F.2d 20, 21-22 (2d Cir. 1989).

This Complaint and accompanying materials is 93 pages. It recites a laundry list of civil and criminal statutes and appears to be at least two separate complaints combined in a confusing manner. *See* ECF No. 1 at pp. 23, 26. The Complaint also references an array of seemingly unrelated federal and state statutes such as the Clayton Antitrust Act, *id.* at p. 42; the Virginia Consumer Protection Act, *id.* at p. 49; and the Federal Tort Claims Act, *id.* at p. 53; in addition to the Dodd-Frank Act claims and the qui tam action. Woven throughout are Downey's claims of pain and suffering, to include caring for his 86-year old mother. *Id.* at p. 68. The Complaint is decidedly *not* a plain, concise statement apprising the Court and Defendant of the allegations. The Complaint must be dismissed on this ground alone.

Second, to the extent the Complaint attempts to bring a qui tam action, such claims must be dismissed because the plaintiff-relator cannot be self-represented. *U.S. ex rel. Lu v. Ou*, 368

F.3d 773, 775 (7th Cir. 2004) *abrogated by U.S. ex rel. Eisenstein v. City of N.Y., N.Y.*, 556 U.S. 928 (2009) (citations omitted).  In a False Claims Act qui tam action, "the United States is the real party in interest, and the need for adequate legal representation of the United States counsel against permitting pro se suits." *U.S. ex rel. Brooks v. Lockheed Martin Corp.*, 237 F.App'x 802, 803 (4th Cir. 2007) citing *United States ex rel. Milam v. Univ. of Tex.*, 961 F.2d 46, 50 (4th Cir.1992).  Accordingly, Downey, as a pro se plaintiff, may not pursue a False Claims Act suit.

Third, as for the Dodd-Frank Act claims, this statute permits suit brought by a "whistleblower" regarding "information relating to a violation of the securities laws to the [Securities Exchange] Commission, in a manner established, by rule or regulation, by the Commission.'" *Id*. at 774, citing 15 U.S.C. § 78u–6(a)(6).  Given that the gravamen of the Complaint involves information provided to the IRS, the Court sees no basis for a viable Dodd-Frank Act claim.

Downey also seeks to seal the case for fear of retaliation.  ECF No. 3.  Pursuant to Local Rule 105.11, "[a]ny motion seeking the sealing of pleadings, motions, exhibits or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection."  The purpose of this Rule is to allow the movant to demonstrate why the common-law presumptive right of access to court filings is rebutted by "countervailing interests heavily outweigh the public interest in access." *Doe v. Public Citizen,* 749 F.3d 246, 265-66 (4th Cir. 2014).  Downey has provided no grounds to support continued sealing.  The motion to seal is denied.  The Court recognizes, however, that Downey submitted sensitive, protected

4

health information to support his in forma pauperis motion. Those documents shall remain under seal.³ All other docket entries shall be unsealed.

A separate Order follows.

___July 8, 2019_____                                   _____/S/_____
Date                                                        Paula Xinis
                                                            United States District Judge

---

³ This motion also seeks to "expedite" the case, to "quash sovereign immunity," and to refer for criminal prosecution. ECF No. 3. The Court denies the motion to expedite as moot. Although not clear, to the extent Downey seeks a favorable ruling that the government is not immune from suit, this motion is also denied as moot. As for Downey's request to refer the matter for criminal prosecution, it is well settled that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Such requested relief is denied as a matter of law.